# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK O. FRANKLIN, SR., | CASE NO. 1:05-CV-00526-OWW-LJO-P |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND |
| v. | (Doc. 1) |
| CALIFORNIA CORRECTIONAL INSTITUTION, et al., | |
| Defendants. | |

I.  Screening Order

   A.  Screening Requirement

Plaintiff Patrick O. Franklin ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on April 20, 2005.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1

1    A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
2 which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
3 support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467
4 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt
5 Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this
6 standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg.
7 Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most
8 favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395
9 U.S. 411, 421 (1969). However, "the liberal pleading standard . . . applies only to a plaintiff's
10 factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation
11 of a civil rights complaint may not supply essential elements of the claim that were not initially
12 pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v.
13 Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

14    B.    Summary of Plaintiff's Complaint

15    In his complaint, plaintiff alleges that Dr. Kevin Kim, a physician at the California
16 Correctional Institution (CCI) in Tehachapi, gave him the wrong medication.[1] Plaintiff seeks money
17 damages and alleges violations of the Eighth Amendment and the Due Process Clause of the
18 Fourteenth Amendment. Because only the Eighth Amendment is applicable to plaintiff's allegations,
19 it shall be addressed first.

20    To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison
21 conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452
22 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an
23 Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal
24 civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate
25 indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett

---

[1] Plaintiff fails to set forth his claim against Dr. Kim in the appropriate section of the complaint. The court gleaned what appears to be plaintiff's claim against Kim from the first attached inmate appeal. The second attached appeal does not appear to provide any basis for a claim against Kim, as it was a request to Kim for a soft shoe chrono rather than a complaint against Kim.

2

1  v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  A prison official does not act in
2  a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to
3  inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may
4  be manifested "when prison officials deny, delay or intentionally interfere with medical treatment,"
5  or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d
6  1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133,
7  1136 (9th Cir. 1997) (en banc).  Where a prisoner is alleging a delay in receiving medical treatment,
8  the delay must have led to further harm in order for the prisoner to make a claim of deliberate
9  indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd.
10 of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

11 "Deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060. "Under this
12 standard, the prison official must not only 'be aware of the facts from which the inference could be
13 drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"
14 Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the
15 risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the
16 risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

17 Plaintiff has not alleged any facts that would support a claim that defendant Kim "[knew] of
18 and disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer, 511 U.S. at 837. "A
19 difference of opinion between a prisoner-patient and prison medical authorities regarding treatment
20 does not give rise to a s 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981)
21 (internal citation omitted). Accordingly, plaintiff fails to state a claim upon which relief may be
22 granted under section 1983 for violation of the Eighth Amendment.

23 Plaintiff's allegation that defendant Kim's actions also violated his right to due process is
24 baseless. There are no facts alleged that support a claim for relief for violation of the Due Process
25 Clause.

26 ///
27 ///
28 ///

3

C.   Conclusion

The court finds that plaintiff's complaint does not contain a claim upon which relief may be granted under section 1983. The court will provide plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order.

Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Attached to plaintiff's complaint is an eighteen page statement that can best be described as a rambling narrative of events at CCI, most of which are irrelevant to the claim in this action. It is plaintiff's responsibility to submit an amended complaint that complies with Rule 8(a) of the Federal Rules of Civil Procedure, which calls for a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a) expresses the principle of notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. at 47.

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

///

///

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state any claims upon which relief may be granted under section 1983;
2. The Clerk's Office shall send plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint; and
4. If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

**Dated:   February 24, 2006**          /s/ Lawrence J. O'Neill
b9ed48                                            UNITED STATES MAGISTRATE JUDGE