IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PATRICK O. FRANKLIN, SR., | ) | 1:05-cv-00526-OWW-LJO-P |
| Plaintiff, | ) | **FINDINGS AND RECOMMENDATIONS RE DISMISSAL OF ACTION FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED** |
| vs. | ) | |
| CALIFORNIA CORRECTIONAL INSTITUTION, et al., | ) | |
| Defendants. | ) | (Doc. 11) |

Plaintiff Patrick O. Franklin, Sr. ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. By order filed February 27, 2006, the court found that plaintiff's complaint failed to state any claims for relief against the named defendants. The court dismissed plaintiff's complaint and ordered plaintiff to file an amended complaint within thirty days from the date of service of that order. More than thirty days have passed and plaintiff has not filed an amended complaint or otherwise responded to the court's order.

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have

1

1  the inherent power to control their dockets and "in the exercise of
2  that power, they may impose sanctions including, where appropriate .
3  . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829,
4  831 (9th Cir. 1986).  A court may dismiss an action, with prejudice,
5  based on a party's failure to prosecute an action, failure to obey a
6  court order, or failure to comply with local rules. See, e.g. Ghazali
7  v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for
8  noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258,
9  1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order
10 requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-
11 41 (9th Cir. 1988)(dismissal for failure to comply with local rule
12 requiring pro se plaintiffs to keep court apprised of address); Malone
13 v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal
14 for failure to comply with court order); Henderson v. Duncan, 779 F.2d
15 1421, 1424 (9th Cir. 1986)(dismissal for failure to lack of
16 prosecution and failure to comply with local rules).

17       In determining whether to dismiss an action for lack of
18 prosecution, failure to obey a court order, or failure to comply with
19 local rules, the court must consider several factors: (1) the public's
20 interest in expeditious resolution of litigation; (2) the court's need
21 to manage its docket; (3) the risk of prejudice to the defendants; (4)
22 the public policy favoring disposition of cases on their merits; and,
23 (5) the availability of less drastic alternatives. Thompson, 782 F.2d
24 at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130;
25 Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

26      In the instant case, the court finds that the public's interest
27 in expeditiously resolving this litigation and the court's interest
28 in managing the docket weigh in favor of dismissal. The third factor,

2

1 risk of prejudice to defendants, also weighs in favor of dismissal,
2 since a presumption of injury arises from the occurrence of
3 unreasonable delay in prosecuting an action.  Anderson v. Air West,
4 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy
5 favoring disposition of cases on their merits -- is greatly outweighed
6 by the factors in favor of dismissal discussed herein.  Finally, a
7 court's warning to a party that his failure to obey the court's order
8 will result in dismissal satisfies the "consideration of alternatives"
9 requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at
10 132-33; Henderson, 779 F.2d at 1424.  The court's order of February
11 27, 2006, requiring plaintiff to file an amended complaint, expressly
12 stated: "If plaintiff fails to file an amended complaint in compliance
13 with this order, the court will recommend that this action be
14 dismissed, with prejudice, for failure to state a claim upon which
15 relief may be granted."  Thus, plaintiff had adequate warning that
16 dismissal would result from non-compliance with the court's order.

17       Accordingly, it is HEREBY RECOMMENDED that this action be
18 DISMISSED, with prejudice, for plaintiff's failure to obey the court's
19 order of February 27, 2006, and for failure to state a claim upon
20 which relief may be granted.

21       These Findings and Recommendations are submitted to the United
22 States District Judge assigned to the case, pursuant to the provisions
23 of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20) days** after being
24 served with these Findings and Recommendations, plaintiff may file
25 written objections with the court.  Such a document should be
26 captioned "Objections to Magistrate Judge's Findings and
27 Recommendations."  Plaintiff is advised that failure to file
28 objections within the specified time may waive the right to appeal the

3

District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     April 4, 2006**                             **/s/ Lawrence J. O'Neill**
b9ed48                                      UNITED STATES MAGISTRATE JUDGE